### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CLARENCE G. ROWAN, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 1:14-cv-08923 |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC | Honorable Edmond E. Chang |
| Defendant. | |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT

NOW COMES the Plaintiff, CLARENCE G. ROWAN ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., submitting his reply in support of his Motion to Amend Complaint as follows:

### INTRODUCTION

Plaintiff sued Defendant under the Fair Debt Collection Practices Act ("FDCPA") for its abusive debt collection practice when it filed a debt collection lawsuit against Plaintiff in a venue that Plaintiff neither resides nor signed the underlying contract. Plaintiff has recently discovered additional violations stemming from the collection of the same underlying debt that is the subject of Plaintiff's original complaint and wishes to amend his complaint to incorporate the additional violations. Pursuant to Fed. R. Civ. P. 15(a)(2), this Court should freely allow amendments to pleadings when justice requires. For the reasons stated below, justice requires that Plaintiff be permitted to amend his complaint.

### STANDARD UNDER FED. R. CIV. P. 15(a)(2)

A plaintiff is entitled to amend the complaint once as a matter of right if it acts quickly enough and even after that time has expired, a court "should freely give leave to amend when

1

justice requires so." *Independent Trust Corp. v. Stewart Information Services Corp.,* 665 F.3d 930, 943 (7th Cir. 2012). "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962).

## ARGUMENT

### I. Plaintiff's Amendment is Timely Pursuant to this Court's Scheduling Order

As a preliminary matter, Plaintiff is seeking to amend his complaint within the deadline set by this Court. Specifically, this Court entered an order on January 16, 2015 setting the deadline to amend pleadings by March 9, 2015. Plaintiff filed his motion to amend his pleadings on March 4, 2015, prior to the expiration of the deadline prescribed by this Court's scheduling order.

### II. Justice Would be Served if Plaintiff is Granted the Opportunity to Amend His Complaint

The conduct complained of in Plaintiff's proposed amended complaint relates to the collection of the identical debt which was the basis for Plaintiff's original complaint. This is not a case in which Plaintiff is attempting to assert a whole new theory of recovery the day before trial. Here, Plaintiff's original complaint sought redress for Defendant's abusive debt collection practice of filing a lawsuit against him in a venue that is prohibited by the FDCPA. Plaintiff's amended complaint merely alleges more abusive debt collection practices committed by Defendant in its attempt to collect the same debt. Specifically, Plaintiff's amended complaint

2

alleges that Defendant falsely represented to Plaintiff that it would not garnish his wages if he made payments to Defendant pursuant to an agreement reached between the parties. Notwithstanding Defendant's representation, it attempted to garnish his wages on April 2, 2014. A cursory look at the docket demonstrates that this case is in its early stages and that justice would not be served if Plaintiff is denied the opportunity to litigate his case against Defendant on its merits. Justice requires that Plaintiff be afforded the opportunity to seek redress for his injuries.

### III.  Defendant Has Failed to Establish Prejudice

Defendant argues that Plaintiff's proposed amendment to his pleadings would prejudice the Defendant as it has already responded to Plaintiff's discovery requests. Defendant's argument must fail as Plaintiff's initial discovery requests have already requested the information that is relevant to the additional violations asserted in Plaintiff's proposed amended complaint. If Defendant diligently responds to the discovery requests already sought in Plaintiff's original discovery requests, it is unlikely that an additional round of discovery requests would be forthcoming as to Defendant. Defendant further argues that Plaintiff's amendment may require third-party discovery. Plaintiff concedes that may be the case, but that, standing alone, does not rise to the level of prejudice that would warrant denying Plaintiff the opportunity to amend his complaint.

### IV.  Plaintiff's Amendment Would Not Be Futile

Lastly, Defendant argues that Plaintiff's amendment would be futile because the allegations set forth in the amendment are false. However, Defendant has not produced any evidence to establish that Plaintiff's proposed amendment would be futile other than a self-serving statement claiming it would be futile. Instead of producing documentation to support its

3

position, the Defendant asks the Court to deny Plaintiff's motion because Plaintiff did not take Defendant's word that the amendment would be futile. Defendant has failed to establish that Plaintiff's amendment would be futile.

## CONCLUSION

This action was filed on November 6, 2014 and Defendant answered Plaintiff's complaint on December 8, 2015. Plaintiff, upon discovering the additional violations, filed his motion to amend his pleadings on March 4, 2015, prior to the March 9, 2015 deadline set by the Court. For Defendant to assert that an amendment this early into a case is prejudicial is patently disingenuous. The Federal Rules of Civil Procedure, motivated by justice, require that amendments to pleadings be freely granted when justice requires. Here, Plaintiff was injured by Defendant's abusive collection practices in an attempt to collect a debt. Justice requires that Plaintiff be afforded the opportunity to litigate his case against Defendant on the merits.

WHEREFORE, Plaintiff, Clarence G. Rowan, respectfully requests this Honorable Court grant his Motion to Amend His Complaint and any other relief this Honorable Court deems just and appropriate.

Respectfully Submitted,


/s/Mohammed O. Badwan
Mohammed O. Badwan, Esq. ARDC#6299011
*Counsel for Plaintiff*
Sulaiman Law Group, LTD.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
mbadwan@sulaimanlaw.com